UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-258-H

TYWAN MONTE BEAUMONT                                                           PETITIONER

V.

HON. JUDGE GEOFFREY MORRIS                                                RESPONDENT

**MEMORANDUM OPINION**

Petitioner, Tywan Beaumont, has moved for a stay of his trial scheduled again today in Jefferson Circuit Court. He argues that the Double Jeopardy Clause of the United States Constitution bars his prosecution following his plea, sentencing and subsequent breach of his plea agreement for the same crimes. To resolve this question requires the Court to consider at once issues both of jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971) and substantive constitutional law under the Double Jeopardy Clause. Due to the pressure of time, the Court initially considered these issues in the reverse order that is preferred. Thus, the Court has already entered an order denying the motion for a stay in this procedural context. This Memorandum Opinion describes the reasons for denial of the stay. For other reasons also stated here, the Court will enter an additional order of abstention.

I.

First, because the taped state court proceedings show that Petitioner understood that he could not breach his plea agreement without consequences and that he understood those consequences, Petitioner has implicitly waived his double jeopardy rights. Second, state courts have equal responsibility of enforcing federal constitutional rights. The state Circuit, Appellate

and Supreme Courts have yet to have such an opportunity. Therefore, a petition for a writ of habeas corpus in federal court is premature at this time. Third, Petitioner stands upon unsound equitable ground by seeking advantage from his own knowing and intentional breach of the plea agreement. Finally, all of these factors counsel this Court against taking the extraordinary remedy of intervention in an ongoing state criminal proceeding at this time.

II.

The Fifth Amendment's Double Jeopardy Clause protects individuals "against being twice put into jeopardy." *Ball v. United States*, 163 U.S. 662 (1896). Jeopardy attached to Petitioner upon his plea and sentencing. *Ricketts v. Adamson*, 483 U.S. 1, 8 (1987). Under the plea agreement, Petitioner promised to cooperate with state prosecutors and to testify truthfully at the trial of his co-defendant. The plea agreement contained no specific waiver of his double jeopardy rights nor did it contain any expressed statements about the consequences of any breach of the plea agreement. However, a defendant may implicitly waive his double jeopardy rights where either the plea agreement or the surrounding circumstances demonstrate that he knew his breach of the plea agreement would cause revocation of that agreement and possible trial on the underlying charges. *Id.* at 10.[1] Although no court has considered an implicit waiver on our particular facts, some circuit courts have broadly construed the rule to be that

> "a defendant must be compelled to abide by his plea agreement both before and after his plea is entered and that in order to do so the government must have the option of moving to vacate a noncomplying defendant's guilty plea and instituting more severe charges."

---

[1] *Ricketts* does not decide our case because the plea agreement there was much more specific about the consequences of breaching it.

2

*United States v. Britt*, 917 F.2d 353, 357 (8th Cir. 1990).  If this broad rule applies in our circumstance, then Petitioner has indeed waived his rights under the Double Jeopardy Clause.

Unfortunately, neither federal nor state courts have precisely defined the circumstances that create an implicit waiver of double jeopardy rights.  This makes it difficult for this Court to conclude that Petitioner is properly exercising them at this time. The Court has reviewed the tape of the proceedings in Jefferson Circuit Court.  At the plea, the prosecutors emphasized Petitioner's obligation to testify.  Upon renouncing the plea agreement, Judge Morris carefully questioned Petitioner about his understanding of the agreement.  His answer suggests a clear understanding that to breach the agreement could cause his trial on the underlying charges.  More important, this information did not seem to surprise Petitioner.  The Court concludes that Petitioner has always understood that one cannot breach a plea agreement, as a matter of contract, and then expect to take advantage of its provisions.  Here, Petitioner did breach the plea agreement with full understanding of the possible consequences.  Petitioner's understanding of those consequences has constitutional implications.  The Court's preliminary review of the substantive merit of Petitioner's habeas corpus petition suggests that success is quite uncertain and not strong enough to justify the extraordinary relief of a stay.

Because the Court concludes that Petitioner's double jeopardy rights are not violated here, it should not intervene in an ongoing state criminal prosecution.  While the Court has the power to do so, that action should be reserved for exceptional circumstances where no state or federal remedy is available. *Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979).  As Judge Posner said, "the power exists but it should be exercised sparingly." *Stevens v. Circuit Court of Milwaukee County, et al.*, 675 F.2d 946, 947 (7th Cir. 1982).  Where the right is unclear, federal

courts should limit the exercise of their powers to the appropriate time. Here, the state courts have an equal and profound responsibility to assure that criminal proceedings meet constitutional requirements. True, the Double Jeopardy Clause incorporates the right not to be tried a second time. However, post trial appeals and petitions for writs of habeas corpus in state and federal courts provide an effective remedy in this circumstance.

In *Stevens*, Judge Posner provided a clear explanation of how a court must weigh the inconvenience and significance of a defendant having to stand in jeopardy a second time against the potentially premature interruption of state criminal proceedings. *Id.* at 947-49. Judge Posner emphasized that to stay state court criminal proceedings is "remote from the original purpose of habeas corpus–release from unlawful incarceration." *Id.* at 947 (citing 28 U.S.C. §§ 2243, 2251 and 2283; and *Younger v. Harris*. Bearing all this in mind, the Court concludes that a similar weighing of interests favors federal restraint at this point in the proceedings.

III.

At this point, the proceedings are equitable in nature, though overlaid with the prominence of a constitutional right. All of the factors which the Court has identified so far counsel against intervention on the merits. In addition, the equitable factors weigh against Petitioner as well. Petitioner created the problem by knowingly and intentionally breaching his plea agreement. Absent stronger evidence of a constitutional violation, to take some advantage of this self-created circumstance runs counter to the interest of equity.

Petitioner has made a strong argument which is not without a chance of success upon more thorough review. This decision does not foreclose the possibility that Petitioner could convince a state or federal court, reviewing in a different procedural context, that the implicit

4

waiver of one's double jeopardy rights requires a greater quantum of evidence, higher standard, or more specificity of evidence. Such a view could be informed by the belief that the state has the ability and opportunity to compose a comprehensive and express waiver of such rights within its standard written plea agreement. To do so would avoid the uncertainty that has arisen in these circumstances. Including such understandings in the plea agreement would have been better and clearer for all concerned.

In the current procedural context, however, the Court carefully considered the need for intervention in this state court proceeding to protect Petitioner's double jeopardy rights and concludes that no constitutional or equitable consideration justified staying the state court proceedings. Upon additional reflection, the Court finds the presence of the three requirements for invocation of *Younger* abstention: ongoing state proceedings, important state interests and adequate post-proceedings relief. *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990). Finding no bad faith, harassment, or any other unusual or extraordinary circumstance, this Court's abstention is also appropriate. *Younger v. Harris*, 401 U.S. at 53-54.

The Court will issue an additional order consistent with this conclusion.

cc:    Counsel of Record